## STEARNS & als. v. VEASEY & als.

A bond given by a debtor under the provisions of the statute to obtain release from arrest upon an execution on which he was not liable to be arrested, is void, on the ground that the bond, though given in the form of a common law security, as upon a contract between the parties, is in fact a mere statute security, not founded upon contract, but required by law to be furnished as a security to the creditor in place of the arrest, and is consequently void in case no legal arrest is made.

*Semble* that such bond cannot be adjudged void or voidable on the ground that it was obtained in such case by duress, unless the fact be proved by a jury that it was given under actual duress.

THIS is a writ of error to the Court of Common Pleas, to reverse a judgment rendered upon a verdict ordered by that court in an action of debt upon a bond, in which action the plaintiffs in error were original plaintiffs against the defendants in error. The bond was given by two of the defendants, H. W. Veasey and S. F. Piper as principals, and the other defendants as their sureties, to obtain the release of the principals from arrest on an execution which issued upon a judgment rendered in said court, for this county, at the February term, 1849, in favor of the plaintiffs in error, then plaintiffs against the principals. The bond was in the form required by the statute relating to prisoners committed for want of bail, and under arrest upon execution. The action in which the judgment last mentioned was rendered, was assumpsit upon an account annexed to the writ, which accrued subsequently to 1841. Upon the back of the original writ in that case was an affidavit made by Stearns, one of the plaintiffs, that the defendants concealed their property, so that no attachment or levy could be made. The defendants in the suit upon the bond, having craved oyer of the bond and of the condition, pleaded *non est factum*, and filed a brief statement of the following defences : first, that the condition had been fully performed by the said principals, Piper and Veasey, by their taking the oath prescribed by law for the ease and relief of poor debtors. Second, that said principals were illegally arrested and held as prisoners upon said execution, because no

affidavit was made upon the back thereof, that they concealed their property, so that no attachment or levy could be made, nor, that they were about to leave the State to avoid the payment of their debts.   Third, that said bond was obtained by duress of imprisonment ; and fourth, that it was obtained by fraud.   Upon the trial of the issue joined upon the plea of *non est factum*, it appeared in evidence that the principals, having been arrested upon the execution, and obtained relief from the arrest by giving the bond, made application to two justices of the peace and quorum to be admitted to take the oath prescribed for the ease and relief of poor debtors.   Numerous exceptions were taken to the regularity of the proceedings upon that application, which are unnecessary to be stated, as the decision of the case is made upon other grounds.   There was no affidavit on the back of the execution that the debtors concealed their property or were about to leave the State.   The court ordered a nonsuit, to which the plaintiffs excepted ; and having filed their bill of exceptions, the same was allowed and signed by the judge, the foregoing facts being set forth therein, and the writ of error is founded upon the exceptions thus taken.

*Wood,* for the plaintiffs in error, contended that if the bond was given under duress, yet it was voidable only and not void, and cited Chit. on Con. 193, 4 ; 1 Chit. Plead. 484 ; 2 Bac. Ab. 155 ; 2 Bla. Com. 292 ; that duress may be waived, and that the attempt to comply with the condition of the bond, by the proceedings in reference to taking the oath, was such waiver ; and that the duress of the principals cannot be set up by the sureties upon the bond, it being merely voidable, and cited Cro. Jac. 187.

*Marston,* for the defendants, contended that the bond was void, having been obtained by duress ; and also, that it was void on the ground that the arrest on account of which it was given was unauthorized and illegal, there being no affidavit on the back of the execution, such as is required to warrant an arrest upon a

writ or execution founded upon a contract, made after the first of March, 1841, and cited *Naramore* v. *Miller*, 1 Foster 367.

SAWYER, J.   The nonsuit was properly ordered.   It is now to be considered as fully settled, that an affidavit upon the back of the execution is necessary to warrant an arrest upon it, where the judgment upon which it issues is founded upon a contract made since March 1, 1841.   It is not sufficient to warrant an arrest upon the execution, that an affidavit was made upon the orginal writ.   It was so decided in *Kidder* v. *Farrar*, Cheshire County, December term, 1849 ; reäffirmed in *Jones* v. *Miller*, 1 Foster 371, and recognized as settled law in *Stevenson* v. *Smith*, 8 Foster 12.

If the arrest was unauthorized, a bond given under the provisions of the statute to obtain release from the arrest, is clearly one which the obligor may avoid whenever it is attempted to be enforced ; and whether it is to be regarded as void, or voidable, is immaterial to be considered in this case.   If, as contended by the plaintiff, it is merely voidable, the defendants have made it void, so far as that depends upon their election, by interposing the defence to it that it was given to obtain release from an arrest not authorized by law, and thus have made it void, if it depended upon their action to render it such, whatever may be considered to be the true ground upon which their right to avoid it is placed.   It has been treated in the argument as void or voidable, or the ground that it was obtained by duress.   It may well be doubted whether it can be held that in all cases of a bond given under the statute, to obtain a release from arrest upon a writ or execution not authorized by law, it may be avoided on that ground.   It is well understood that such bonds are often given when no arrest is actually made.   Not unfrequently the debtor himself, upon being called upon by the officer with the execution, in order to place himself at once in a situation to proceed with his application to be admitted to take the poor debtor's oath without being committed, voluntarily furnishes the bond, understanding that the proceedings may otherwise result in an actual arrest and

commitment, unless the bond is furnished. In cases of this na-
ture, where the officer has the authority to make the arrest and
accepts the bond, even if voluntarily tendered to him by the
debtor, and without any proceedings on the part of the officer
towards an actual arrest, the giving and accepting the bond
would undoubtedly be sufficient ground for holding that an arrest
was made, so far as it might be necessary that one should be
made for the purpose of giving and upholding the bond, and sus-
taining all subsequent proceedings on the part of the debtor, in
applying to take the oath, or otherwise discharging himself from
it, and the proceedings of the creditor to enforce the bond, if the
condition is not performed. The parties would undoubtedly, for
the purpose of upholding the bond, be held to be estopped to
deny that there was any such arrest, if the officer had authority
to make it. But whether, where the officer has no authority in
law to make the arrest, but the debtor, and it may be the officer
also, supposing that he has the authority, thus voluntarily tenders
the bond, and it is accepted by the officer, it can be held to be
a bond obtained by duress of imprisonment, admits of question.
*Alexander* v. *Pierce*, 10 N. H. 494. Whether it were or not
so obtained would seem to be a question of fact for the jury.
In this case it is stated in the bill of exceptions that the two de-
fendants, who were the judgment debtors, were under arrest
upon the execution at the time of executing the bond. This
may perhaps be considered as furnishing proper ground for hold-
ing, as matter of law, that the bond in this instance was obtained
by duress, and the nonsuit, therefore, properly ordered on that
ground ; it being the natural and ordinary signification of the
word " arrest," that the officer actually held the persons of the
debtors under the restraint which the word imports. This, how-
ever, may admit of doubt. If the bond had been given under the
circumstances, suggested, without any proceedings on the part of
the officer, of a character to constitute an actual arrest, it would
seem that the only ground on which it could be held that it was
obtained by duress must be that the recital in the bond that the
debtor was under arrest, must be taken to be true in the sense

Stearns *v.* Veasey.

that such an arrest was in fact made as in law amounts to duress, and that the parties are estopped to deny that such was the fact, even where the officer had no authority to make the arrest. To hold this would be to make the bond a common law security, with all the incidents and properties of an actual contract between the parties, in the form of a bond with a condition ; even when given, as in this case, upon the supposition that there was a legal arrest, though in point of fact none such was made. If the recital that the debtor was under arrest, estops the parties to deny that such was the fact, then the recital that there had issued an execution against the debtor, is equally conclusive, and the bond must be held valid, though no judgment had been rendered, and it must thus become a binding obligation at common law, and judgment rendered upon it for the penalty, because the obligor had not within a year taken the poor debtor's oath to obtain release from an arrest which had never been made, nor surrendered himself up to jail the day following the expiration of the year that he might there be arrested and committed upon an execution that had never been issued.

But though, by the terms of the statute, the security which the debtor gives upon being released by the officer is required to be in the form of a bond with a condition, it has none or but few of the qualities of such common law security. It does not arise upon a contract between the parties. It is a statute creation for statute purposes, adopted as a convenient mode for carrying out the statutory provisions. The object of those provisions is to release the debtor from a legal arrest on execution for the time, to give him one year from the arrest made, within which to pay the debt or take the oath, and in default of his doing one or the other, then to give to the creditor a sufficient security that the body of the debtor will be ready at the jail, from the hours of twelve to three on the day following the expiration of the year, for a new arrest and commitment to close jail. This security the statute prescribes in the form of a bond, but beyond that form it has none of the qualities of a common law obligation, with a condition until there has been a breach of the condition,

and then only so far as relates to the course of proceedings for enforcing the penalty. Being given by the statute only in the case of a legal arrest for that specific purpose, it consequently is void if the case does not exist for which it was provided by the statute—an arrest upon proper process, so as to constitute an arrest authorized by law, and from which the party arrested may obtain release, if committed, by taking the poor debtor's oath.

The nonsuit was, therefore, rightly ordered, upon the ground that the bond is void as given under the statute to obtain release from arrest, when no legal arrest was made.